*Per Curiam.

Both parties are fair purchasers [*83] of a lot of military bounty land. The deed under ' which the lessor of the plaintiff claims is prior in date, and was on record in the secretary’s office previous to the passing of the act requiring all such deeds by a certain day to be deposited with the clerk of the county of Albany, and declaring such as should not be deposited, void as to subsequent purchasers, for valuable consideration, who should so deposit their deeds. The defendant’s deed was so deposited. The deed from the first purchaser to the lessor of the plaintiff, together with the power of attorney under which it was executed, was also duly deposited, agreeable *122 to the act; and the question which the parties have made is, whether such recording in the secretary’s office is [*84] to *be considered as notice, and thus satisfying the principal object of the act. We think it does not. It was not the design of the legislature to direct a mere registry of such deeds for the purpose of enabling the purchasers to examine a fair deduction of title. But the object of the act declared to be, is, the prevention of frauds, by facilitating the means of discovering forgeries. Mow the examination of a mere record' could not conduce to this end. Hothing short of an inspection of the original would, in many cases, answer the purpose; particularly where the forgery consisted in antedating the deed; and this species of forgery, we may infer from the act, which particularly alludes to it, was probably the most frequent.
We are of opinion, that
Judgment be for the defendant.(a)

 A title under a deed of 1795, not proved and recordé l till 1807, was defeated by a deed of 1804, but duly recorded in 1806. Jackson v. Given and others, 8 Johns, Rep. 137.
As to ouster and adverse possession as between tenants in common, see Butler v. Phelps, 17 Wend. 642; Jackson v. Tibbits, 9 Cow. 241; Jackson v. Whitteck, 6 Cow. 632. See also, as to presumption of grants, Jackson v. Miller, 6 Wend 228; Moore v. Jackson, 4 Wend. 58; Jackson v. Russell, 4 Wend. 453; Jackson v. Vincent, 4 Wend. 633; Doe v. Walter, 3 Wend. 109 Schamber v. Jackson, 2 Wend, 13; Jackson v. Mancius, 2 Wend. 357.